(Pleito No. 124.—Fallado el 11 de Mayo de 1901.)

## Nevares contra García.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

PROCEDIMIENTO SUMARIO HIPOTECARIO. Según la Orden General No. 118, para los incidentes iniciados con anterioridad al año de 1,899, subsisten los procedimientos establecidos en la Ley Hipotecaria y su Reglamento.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á once de Mayo de mil novecientos uno, en el procedimiento sumario de la Ley Hipotecaria iniciado en el extinguido Juzgado de 1ª Instancia de Vega-Baja y seguido después ante el Tribunal del Distrito de San Juan por Don Cándido García Cobián con Don José Nevares Landrón, vecino el primero de esta Capital y el segundo de Toa-Baja, sobre cobro de un crédito hipotecario, y en el día sobre nulidad de actuaciones practicadas después del requerimiento, pendiente ante Nos en virtud de recurso de cásación por infracción de ley interpuesto por Nevares, dirigido y representado por el Letrado Don Rafael López Landrón, habiéndolo estado la parte recurrida por el Letrado Don Manuel F. Rossy.—Resultando: Que en el año de mil ochocientos noventa y ocho Don Cándido García Cobián presentó escrito en el extinguido Juzgado de 1ª Instancia de Vega-Baja acompañando una escritura de préstamo hipotecario y, después de las alegaciones pertinentes y dentro de los que prescriben los artículos 128 y 170 de la Ley Hipotecaria y su Reglamento, solicitó que se requiriese al deudor Don José Nevares Landrón para que dentro del término de treinta días le pagase la suma de dos mil seiscientos treinta pesos provinciales por capital, y cuatrocientos por intereses, decretándose de conformidad dicha solicitud, por cuya razón el requerimiento se verificó en veinte y ocho de Diciembre de dicho año, en cuyo acto manifestó el deudor Nevares que carecía de

metálico.—Resultando: Que por virtud de la Orden General de diez y nueve de Enero de mil ochocientos noventa y nueve, se requirió al deudor para que en el término de doce días satisficiese los intereses del capital que adeudaba, pero lejos de pagar en ese plazo solicitó, por inconformidad con la cantidad fijada por intereses, que se citase á su acreedor á una comparecencia á fin de fijar su verdadera ascendencia y de ella resultó que la cantidad por tal concepto ascendía á cuatrocientos noventa y nueve pesos setenta centavos, en lo cual ambos estuvieron conformes, si bien manifestó el deudor que el plazo era corto y con el asentimiento de su acreedor se le concedieron diez días más para realizar el pago; pero como no cumpliese se instó á prosecución del procedimiento; mas Nevares entonces propuso la excepción dilatoria del arraigo del juicio por ser extranjero el demandante y sustanciado el incidente, por sentencia de veinte y cinco de Marzo del año anterior se declaró sin lugar con las costas y se revaluó la finca hipotecada por los peritos nombrados por el actor y por el Juzgado, puesto que el deudor á pesar de requerido no lo designó y se siguió la actuación hasta ordenar la adjudicación de la finca hipotecada.—Resultando: Que en dos de Octubre del año anterior Nevares promovió incidente de nulidad de actuaciones desde el diez y nueve de Enero de mil ochocientos noventa y nueve fundado principalmente en que después de publicada la Orden General citada y la del treinta del mismo mes no podía seguirse el procedimiento sumarísimo hipotecario contra finca rústica, autorizándose tan sólo, en su caso, el procedimiento ejecutivo de la Ley de Enjuiciamiento Civil para el cobro de líquidos intereses.—Resultando: Que de dicho incidente se confirió traslado á la parte actora con suspensión del curso de los autos, se contestó en lo principal oponiéndose á la nulidad pretendida y solicitada por otrosí la reforma de la providencia que ordenó la suspensión, el Tribunal de este Distrito, después de sustanciar en forma el recurso, dictó auto en tres de

Noviembre del año anterior, por el cual declaró con lugar la reforma y al propio tiempo dejó sin efecto la providencia en que se admitió el incidente de nulidad.—Resultando: Que la representación de Don José Nevares ha interpuesto contra dicho auto recurso de casación por infracción de ley, autorizado por el número 1º del artículo 1,689 y 1º y 3º del 1,690 de la Ley de Enjuiciamiento Civil y citando como infringidos:—1º La jurisprudencia contenida en las resoluciones del Tribunal Supremo de Madrid de treinta y uno de Enero y veinte y cinco de Febrero de mil ochocientos ochenta y cinco, porque el Tribunal rechaza la demanda revestida de requisitos externos, en vez de disponer que se sustancíe.—2º Aplicación indebida del artículo 175 y demás concordantes del procedimiento hipotecario á que se refiere el Tribunal sentenciador, porque derogados estos preceptos por las Órdenes Generales de diez y nueve y treinta ó treinta y uno de Enero de mil ochocientos noventa y nueve, eso no obstante se les da aplicación en cobro de créditos hipotecarios contra fincas rústicas.—3º Infracción de las citadas Órdenes Generales porque á pesar de que la última previene que todo procedimiento posterior á su promulgación se siga con arreglo á la Ley de Enjuiciamiento Civil, se manda no obstante ultimar el apremio por el procedimiento hipotecario derogado.—4º Infracción del artículo 125, inciso segundo, de la Ley Hipotecaria, porque cancelada la hipoteca por remate que de parte de la finca hiciera el Ayuntamiento de Toa-Baja, se admite sin embargo el ejercicio de las acciones reales de la hipoteca de Don Cándido García Cobián.—Se ha infringido también el artículo 4º del Código Civil en consonancia con la doctrina relativa á la compra-venta porque se dan efectos legales ejecutivos á los actos practicados por Cobián en manifiesta contravención de la ley.—5º Constituye otorgamiento de lo no pedido el reponer en absoluto una resolución judicial cuando sólo se ha interpelado uno de sus extremos. —Visto: Siendo Ponente el Juez Asociado Don José Mª

Figueras Chiqués.—Considerando: Que la cuestión de nulidad de actuaciones es por su naturaleza de puro procedimiento y éste se ha consentido por la parte recurrente, gestionando en los autos sobre otros extremos ajenos por completo á la validez ó ineficacia de lo actuado.—Considerando: Que según el artículo 71 de la Orden General número 118 de quince de Agosto de mil ochocientos noventa y nueve, subsisten los procedimientos establecidos en la Ley Hipotecaria y demás especiales, y si en el artículo 175 del Reglamento para la aplicación de la Ley Hipotecaria se prohiben de modo terminante estos incidentes de nulidad de actuaciones, y si éstas se iniciaron con anterioridad al año mil ochocientos noventa y nueve y se consintieron sin protesta alguna por parte del recurrente, claro es que el Tribunal, antes de infringir, se ha atemperado á lo dispuesto de modo imperativo y categórico en la Ley Hipotecaria y no se han cometido por tanto las infracciones á que se refieren los primeros cuatro motivos del recurso.—Considerando: Que no se cita en el motivo 5º la ley ó doctrina que se supone infringida como lo exige el artículo 1,718; y en tal caso no puede prosperar el recurso según el artículo 1,727 número 4º.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto á nombre de Don José Nevares Landrón á quien condenamos en las costas; líbrese al Tribunal de este Distrito la certificación correspondiente con devolución de autos á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico, á once de Mayo de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*